**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   PABLO J. AGRIO,                        )
                                            )   No. C 07-04201 JW (PR)
12                  Petitioner,             )
                                            )   ORDER TO SHOW CAUSE
13       vs.                                )
                                            )
14   BEN CURRY, Warden,                     )
                                            )
15                  Respondent.             )   (Docket Nos. 2 & 4)
                                            )
16   ────────────────────────────
17
18          Petitioner, a state prisoner incarcerated at the Correctional Training Facility
19   in Soledad, California, has filed a pro se petition for a writ of habeas corpus under
20   28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT")
21   December 6, 2005 decision to deny him parole.  Petitioner has paid the filing fee.
22
23                               **BACKGROUND**
24          Petitioner was convicted in the Superior Court of the State of California in
25   and for San Diego County of second degree murder, and on or about April 7, 1989,
26   and was sentenced to fifteen years to life with the possibility of parole in state prison
27   with a determinate two-year sentence for use of a firearm in the commission of the
28   offense.

Order to Show Cause
N:\Pro - Se\10.31.2007\07-04201 Agrio04201_osc.wpd

United States District Court

For the Northern District of California

1    Petitioner has been found not suitable for parole each time he has appeared

2 before the BPT.  According to the petition, the December 6, 2005 decision was

3 petitioner's fourth denial of parole.  On July 25, 2007, the Supreme Court of

4 California denied his challenge to the BPT's latest decision.  Petitioner filed the

5 instant federal habeas petition on August 16, 2007.

6

7    **DISCUSSION**

8 A.    Standard of Review

9    This court may entertain a petition for a writ of habeas corpus "in behalf of a

10 person in custody pursuant to the judgment of a State court only on the ground that

11 he is in custody in violation of the Constitution or laws or treaties of the United

12 States."  28 U.S.C. § 2254(a).

13    It shall "award the writ or issue an order directing the respondent to show

14 cause why the writ should not be granted, unless it appears from the application that

15 the applicant or person detained is not entitled thereto."  Id.  § 2243.

16 B.    Legal Claims

17    Petitioner alleges that the BPT's December 6, 2005 decision finding him not

18 suitable for parole was unconstitutional because the decision was not supported by

19 the evidence was and therefore "arbitrary and capricious."  Liberally construed,

20 petitioner's claims appear cognizable under § 2254 and merit an answer from

21 respondent.

22

23    **CONCLUSION**

24    For the foregoing reasons and for good cause shown,

25    1.    Petitioner's motions to proceed in forma pauperis (Docket Nos. 2 & 4)

26 are DENIED as moot since petitioner has paid the filing fee.

27    2.    The clerk shall serve by certified mail a copy of this order and the

28 petition and all attachments thereto on respondent and respondent's attorney, the

Order to Show Cause
N:\Pro - Se\10.31.2007\07-04201 Agrio04201_osc.wpd    2

**United States District Court**
For the Northern District of California

1  Attorney General of the State of California.  The clerk also shall serve a copy of this

2  order on petitioner.

3     3.     Respondent shall file with the court and serve on petitioner, within

4  **ninety (90) days** of the issuance of this order, an answer conforming in all respects

5  to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

6  habeas corpus should not be issued.  Respondent shall file with the answer and serve

7  on petitioner a copy of all portions of the state trial record that have been transcribed

8  previously and that are relevant to a determination of the issues presented by the

9  petition.

10     If petitioner wishes to respond to the answer, he shall do so by filing a

11  traverse with the court and serving it on respondent within **forty-five (45) days** of

12  his receipt of the answer.

13     3.     Respondent may file a motion to dismiss on procedural grounds in lieu

14  of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

15  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall

16  file with the court and serve on respondent an opposition or statement of non-

17  opposition within **forty-five (45) days** of receipt of the motion, and respondent shall

18  file with the court and serve on petitioner a reply within **twenty (20) days** of receipt

19  of any opposition.

20     4.     Petitioner is reminded that all communications with the court must be

21  served on respondent by mailing a true copy of the document to respondent's

22  counsel.  Petitioner must also keep the court and all parties informed of any change

23  of address.

25  DATED:     October 24, 2007

JAMES WARE
26  United States District Judge

Order to Show Cause
N:\Pro - Se\10.31.2007\07-04201 Agrio04201_osc.wpd     3