1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Board of Parole Hearings

10

11              IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

| PABLO J. AGRIO, | C07-04201 JW |
|---|---|
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| BEN CURRY, Warden, | Judge:    The Honorable James Ware |
| Respondent. | |

21  **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF**

22                    **POINTS AND AUTHORITIES**

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2                                                                                     **Page**

3   INTRODUCTION                                                                        1

4   ANSWER TO THE ORDER TO SHOW CAUSE                                                   2

5   MEMORANDUM OF POINTS AND AUTHORITIES                                                8

6   ARGUMENT                                                                            8

7   I.      THE STATE COURT'S DENIAL OF AGRIO'S HABEAS
            CLAIM WAS NOT CONTRARY TO OR AN UNREASONABLE
8           APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW,
            NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION
9           OF THE FACTS.                                                               8

10          A.     The State Court Decision Was Not Contrary to Clearly Established
                   Federal Law.                                                         9
11
            B.     The Some-Evidence Standard of Review Is Not Clearly Established
12                 Federal Law By the United States Supreme Court for Challenging
                   Parole Denials.                                                      10
13
            C.     The State Court Decision Upholding the Board's Parole Denial Was
14                 a Reasonable Application of Clearly Established Federal Law.          12

15          D.     The State Court Decision Upholding the Board's Parole Denial Was a
                   Reasonable Interpretation of the Facts in Light of the Evidence
16                 Presented.                                                           15

17          E.     Agrio Erroneously Argues that He Is Entitled to Parole Based on the
                   Result in *In re Shaputis*                                           16
18
    CONCLUSION                                                                          18
19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2                                                                         **Page**

3  **Cases**

4  *Benny v. U.S. Parole Comm'n*
   295 F.3d 977 (9th Cir. 2002)                                              7
5
   *Biggs v. Terhune*
6  334 F.3d 910 (9th Cir. 2003)                                          13, 14

7  *Carey v. Musladin*
      __ U.S. __
8  127 S. Ct. 649 (2006)                                                  6, 10

9  *Crater v. Galaza*
   491 F.3d 1119 (2007)                                                     14
10
   *Foote v. Del Papa*
11 492 F.3d 1026 (9th Cir. 2007)                                            11

12 *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*
   442 U.S. 1 (1979)                                        5, 6, 9, 12, 13, 18
13
   *Gutierrez v. Griggs*
14 695 F.2d 1195 (9th Cir. 1983)                                            16

15 *Hayward v. Marshall*
   (9th Cir. 2007) __ F.3d ___, 2008 WL 43716                               14
16
   *Hill v. Kane*
17 2006 WL 3020923 at *3 (N.D. Cal. Oct. 26, 2006)                          14

18 *In re Dannenberg*
   34 Cal. 4th 1061 (2005)                                           5, 6, 15-17
19
   *In re Rosenkrantz*
20 29 Cal.4th 616 (2002)                                                     7

21 *In re Shaputis*
   (August 21, 2007, No. D049895)
22 __ Cal.Rptr.3d __, 2007 WL 2372405                                5, 7, 16, 17

23 *Irons v. Carey*
   505 F.3d 846 (9th Cir. 2007)                                   7, 12, 14, 17
24
   *Juan H. v. Allen*
25 408 F.3d 1262 (9th Cir. 2005)                                         12, 15

26 *Lockyer v. Andrade*
   538 U.S. 63 (2003)                                                     8, 13
27
   *Middleton v. Cupp*
28 768 F.2d 1083 (9th Cir. 1985)                                            16

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.              *Agrio v. Curry*
                                                                       C07-04201 JW

TABLE OF AUTHORITIES  (continued)

Page

1

2    **Cases cont.**

3    *Nguyen v. Garcia*
4    477 F.3d 716 (9th Cir. 2007)                                                11

5    *O'Sullivan v. Boerckel*
     526 U.S. 838 (1999)                                                          5

6    *Plumlee v. Masto*
7    (9th Cir. 2008) __ F.3d __ 2008 WL 151273 at *5-6                           14

8    *Pulley v. Harris*
     465 U.S. 37 (1984)                                                          16

9    *Rose v. Hodges*
10   423 U.S. 19 (1975)                                                          16

11   *Sandin v. Connor*
     515 U.S. 472 (1995)                                                          5

12   *Sass v. Cal. Bd. of Prison Terms*
13   461 F.3d 1123 (9th Cir. 2006)                                           6, 7, 14

14   *Schriro v. Landrigan*
     __ U.S. __
15   127 S. Ct. 1933 (2007)                                                      10

16   *Superintendent v. Hill*
     472 U.S. 445 (1985)                                                     6, 11, 13

17   *Wainwright v. Greenfield*
18   474 U.S. 284 (1986)                                                         11

19   *Wright v. Van Patten*
     __ S.Ct. __
20   2008 WL 59980, *3-4 (2008)                                                  11

21   *Ylst v. Nunnemaker*
     501 U.S. 797 (1991)                                                         13

22

23   **Constitutional Provisions**

24   Sixth Amendment                                                            11

25

26

27

28

**TABLE OF AUTHORITIES  (continued)**

**Page**

**Statutes**

28 United States Code
§ 2244(d)(1)                           7
§ 2254                                 5
§ 2254(b)(1)(A)                        5
§ 2254(d)(1-2)                         8
§ 2254(d)(2)                          15
§ 2254(e)(1)                      12, 15

California Penal Code
§ 3041, subds. (a)-(b)                16
§ 3401(b)                          7, 15

**Court Rules**

California Rule of Court
Rule 8.1105, subd. (e)             7, 16
Rule 8.1115, subd. (a)             7, 16

**Other Authorities**

Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA)    5, 6, 8-16, 18

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Board of Parole Hearings

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14
   ┌─────────────────────────────────┬──────────────────────────
15 │ **PABLO J. AGRIO,**             │ C07-04201 JW
   │                                 │
16 │                     Petitioner, │ **ANSWER TO PETITION FOR**
   │                                 │ **WRIT OF HABEAS CORPUS;**
17 │         v.                      │ **MEMORANDUM OF POINTS**
   │                                 │ **AND AUTHORITIES**
18 │ **BEN CURRY, Warden,**          │
   │                                 │ Judge:      The Honorable
19 │                     Respondent. │             James Ware
   └─────────────────────────────────┴──────────────────────────

20                      **INTRODUCTION**

21      Pablo J. Agrio is a California state inmate at the Correctional Training Facility, proceeding

22  pro se in this habeas corpus action.  Agrio alleges that the Board of Parole Hearings

23  unconstitutionally denied him parole at his 2005 parole consideration hearing.  Because Agrio

24  fails to prove that the state court decisions denying him relief are contrary to, or an unreasonable

25  application of, clearly established federal law, or that the decisions involved an unreasonable

26  determination of the facts, his disagreement with the Board's parole denial does not entitle him to

27  a federal writ of habeas corpus and his petition should be denied.

28      On October 24, 2007, this Court issued an order to show cause liberally construing Agrio's

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Agrio v. Curry*
                                                                             C07-04201 JW

1  petition as stating a cognizable claim for a due process violation based on the sufficiency of the

2  evidence. Respondent Ben Curry, Warden, answers as follows:

3  **ANSWER TO THE ORDER TO SHOW CAUSE**

4      In response to the petition for writ of habeas corpus filed on August 16, 2007, Respondent

5  hereby admits, denies, and alleges the following:

6      1.    Agrio is in the lawful custody of the California Department of Corrections and

7  Rehabilitation after being convicted of second degree murder with a firearm use enhancement.

8  (Ex. A, Abstract of Judgment.) He is currently serving an indeterminate sentence of seventeen

9  years to life. (*Id.*) Agrio does not appear to challenge his underlying conviction in the current

10  proceeding.

11      2.    Agrio, who was originally from Panama, and his wife, Alma, had been married for less

12  than one year and had a one-year-old son. (Ex. B, Decision, Court of Appeal of the State of

13  California, Fourth Appellate District, No. D010237 at 2.) Agrio, an ex-marine, worked as a San

14  Diego police officer and Alma was graduating from the San Diego Sheriff's Academy. (*Id.* at 2-

15  3.) The couple had interpersonal problems and fights, which led to periods of separation before

16  and during their marriage. (*Id.* at 3.)

17      3.    On March 26, 1988, Alma came home with Tami Hahn, a classmate. (Ex. B at 4.)

18  After briefly being home, Alma left with Hahn to attend a graduation party. (*Ibid.*) Agrio was

19  angry that Alma attended the party without his specific consent and made comments to Nelly

20  Cordova, the couple's babysitter, that "[Alma] wants to do like the fucking American whores."

21  (*Ibid.*) When Alma did not return home as he expected, Agrio insisted on taking Cordova home

22  and was becoming increasingly angry with Alma. (*Ibid.*) Agrio told Cordova that "What Alma

23  just did is going to cost her; [it] is going to cost her a lot." (*Ibid.*)

24      4.    Around 10 p.m., Hahn and Alma left the graduation party. (Ex. B at 5.) Hahn dropped

25  Alma off at her house because she was drunk. (*Ibid.*) Because Hahn was worried about her, she

26  later called Alma's home. (*Ibid.*) Agrio answer the phone, sounding irritated, and told Hahn that

27  he was "not finished with her." (*Ibid.*)

28      5.    When Alma returned home, she refused to respond to Agrio's angry demands for

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.             *Agrio v. Curry*
                                                                       C07-04201 JW

1    explanations about her conduct. (Ex. B at 5.) Alma went into the bedroom and locked the door,

2    but Agrio broke it down and ripped the phone from the wall when Alma attempted to call for

3    help. (*Ibid.*) Agrio began tearing up Alma's graduation invitations and struck her. (*Id.* at 5-6.)

4         6.    Agrio claims that Alma then took a loaded gun and pointed it at him. (Ex. B at 5-6.)

5    Wrestling the gun away from her by forcing her to the floor, Agrio shook Alma by the shoulders

6    and fired a single shot into the back of her head, killing her. (*Id.* at 6.)

7         7.    Agrio called 911. (Ex. B at 6.) When the police arrived, Agrio told police that he

8    loved his wife, but also complained that she was a young girl who wanted to party instead of

9    staying home and serving as a wife and mother. (*Ibid.*)

10        8.    Respondent admits that on December 6, 2005, the Board found Agrio unsuitable for

11   parole. (Ex. C, Subsequent Parole Consideration Hearing at 98-106.) The Board concluded that

12   the offense was particularly cruel and callous with absolutely no motive, and carried out in a

13   dispassionate manner. (Ex. C at 98.) Specifically, the Board found that Alma's murder was

14   more than an unintentional or accidental death given Agrio's history as a police officer and

15   Marine, and that she was shot to death over an incident that never should have escalated into

16   murder. (*Id.* at 13-22, 98-99.) Moreover, the Board found that Agrio was failing to take

17   responsibility for his crime and was faulting Alma — the victim — for his actions. (*Id.* at 13-22,

18   99-101.) The Board also noted that Agrio was deceiving his current wife by not telling her about

19   his parole plans to live with another woman if he was paroled to San Diego (rather than San Luis

20   Obispo where his wife resides); that he made false statements to the evaluating psychologist; and

21   that he abruptly left his parole consideration hearing after the Board indicated that it was denying

22   him parole and before the panel had finished articulating the reasons for their decision. (*Id.* at

23   26-30, 51-54, 61-70, 74-79, 100-101, 103, 105.)

24        9.    Respondent admits that the San Diego County Superior Court provided a six-page

25   reasoned decision denying Agrio's petition for writ of habeas corpus on April 11, 2006. (Ex. D,

26

27

28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                      *Agrio v. Curry*
                                                                                               C07-04201 JW

3

1  Superior Court Pet. & Denial.)[1]/  Initially, the court noted that Agrio had failed to provide a

2  complete copy of his parole consideration hearing transcript and had only attached select pages of

3  the transcript to his petition. (*Id.* at 2-3.)  Although the court advised that it could deny the

4  petition because Agrio had not provided a complete transcript, it nonetheless concluded that the

5  hearing transcript pages provided by Agrio were sufficient to deny the petition because some

6  evidence supported the Board's decision denying him parole. (*Id.* at 3.)  Specifically, the court

7  concluded that there was some evidence supporting the Board's decision that Agrio was a current

8  danger to society (and thus not suitable for parole) because Agrio was minimizing his role in the

9  crime; failing to take responsibility for his actions; attempting to place some of the blame on the

10  victim; failing to be completely honest with his current wife regarding his plans to live with

11  another woman if he were required to parole to San Diego County; and withholding information

12  from the evaluating psychiatrist. (*Id.* at 3-4.)  Finally, the court also noted that the Board's

13  decision was strengthened by Agrio's decision to leave the hearing before the Board was finished

14  articulating its reasons for denying him parole. (*Id.* at 4.)

15      10.  Respondent admits that the California Court of Appeal denied Agrio's petition for writ

16  of habeas corpus on October 6, 2006 in a four-page reasoned decision. (Ex. E, Appellate Court

17  Pet. & Denial.)  After noting that the Board is required to consider all relevant and reliable

18  information, including the commitment offense, in determining whether an inmate's release

19  poses an unreasonable risk of safety to society, the court found that there was some evidence

20  supporting the Board's decision to deny parole based on the facts of the commitment offense,

21  Agrio's deception regarding his parole plans, and his false statements to the evaluating

22  psychologist. (Ex. E at p. 4.)  The court also noted that Agrio abruptly left the hearing after

23  learning that he would not be granted parole because, as stated by the Board, he "didn't want to

24  hear the truth here and didn't want to face the facts . . . ." (*Ibid.*)  Finally, the court advised that

25  Agrio's preemptory challenges to the appellate court justices were improper and that his reliance

26

27

28      1. To avoid repetition and unnecessary volume, the exhibits attached to Agrio's state court
petitions have been removed.  Respondent will provide these documents upon the Court's request.

1    on *In re Shaputis*, (August 21, 2007, No. D049895) __Cal.Rptr.3d __, 2007 WL 2372405, was

2    misplaced because the California Supreme Court had, in granting review, ordered the case

3    depublished, thus prohibiting any court or party from citing or relying on it. (*Id.* at 3-4.)

4        11.   Respondent admits that the California Supreme Court denied Agrio's petition for

5    review on July 25, 2007. (Ex. F, Supreme Court Pet. & Denial.)

6        12.   Respondent admits that Agrio has exhausted his state court remedies regarding his

7    allegations that there is no evidence supporting his parole denial; that he is entitled to a similar

8    result as in *In re Shaputis*, *supra*, __Cal.Rptr.3d __, 2007 WL 2372405; and that the Board

9    improperly relied on his commitment offense in finding him unsuitable for parole. (See

10    generally, Petn.)[2/] However, Respondent denies that Agrio has exhausted his claims to the extent

11    that they are more broadly interpreted to encompass any systematic issues beyond this particular

12    review of parole denial.

13        13.   Respondent denies that the state courts' denial of habeas corpus relief was contrary to,

14    or involved an unreasonable application of, clearly established United States Supreme Court law,

15    or that the denial was based on an unreasonable interpretation of facts in light of the evidence

16    presented. Agrio therefore fails to make a case for relief under the Anti-Terrorism and Effective

17    Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254.

18        14.   Respondent denies that Agrio has a federally protected liberty interest in parole; thus,

19    Agrio fails to assert a basis for federal jurisdiction. *See Greenholtz v. Inmates of Neb. Penal &*

20    *Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created

21    by unique structure and language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061,

22    1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory

23    duty to grant life inmates parole before a suitability finding); *Sandin v. Connor*, 515 U.S. 472,

24    484 (1995) (no federal liberty interest in parole because serving a contemplated sentence does not

25

---

26       2.   Agrio alleged additional claims in his state superior court petition, but failed to exhaust
his state court remedies by asserting these claims through the California Supreme Court or alleging

27    them in his federal petition. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel,* 526 U.S. 838,
844 (1999) (a state inmate must properly exhaust available state court remedies before a federal court

28    may consider granting habeas corpus relief). Accordingly, Respondent will not address them.

1    create an atypical or significant hardship compared with ordinary prison life); *contra Sass v. Cal.*

2    *Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (holding that California inmates have a

3    federally protected liberty interest in a parole).

4        15.   If Agrio has a federally protected liberty interest in parole, Respondent affirmatively

5    alleges that Agrio had an opportunity to present his case to the Board, and that the Board

6    provided him with a detailed explanation as to why he was denied parole.  (Ex. C.)  Thus, Agrio

7    received all process due under *Greenholtz v. Inmates of the Nebraska Penal and Correctional*

8    *Complex*, 442 U.S. 1 (1979), the only clearly established United States Supreme Court law

9    regarding the due process rights of inmates at parole consideration hearings.

10        16.   Respondent denies that this Court must review Agrio's parole denial under the some-

11    evidence standard.  In *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 654 (2006), the United

12    States Supreme Court emphasized that under AEDPA, only Supreme Court holdings regarding

13    the specific issue presented may be used to overturn valid state court decisions.  As no clearly

14    established federal law provides that a parole denial must be supported by some evidence, this

15    Court need not review the current matter under the some-evidence standard.

16        17.   Respondent affirmatively alleges that if the some-evidence standard does apply to

17    federal review of parole denials, the proper standard is that found in *Superintendent v. Hill*, 472

18    U.S. 445, 455 (1985), which requires that only a "modicum of evidence" support the Board's

19    decision to deny parole.  Respondent affirmatively alleges that under this standard, some

20    evidence supports the Board's parole denial.

21        18.   Respondent denies that this Court must make an independent determination of whether

22    Agrio currently poses an unreasonable risk of danger to society in order to uphold the state court

23    decisions denying parole.

24        19.   Respondent affirmatively alleges that the state courts properly used the some-evidence

25    standard to evaluate the Board's decision.  *Dannenberg*, 34 Cal. 4th at 1071.  Respondent

26    affirmatively alleges that the correct application of the some-evidence test is whether some

27    evidence in the record supports the factual basis for the Board's parole denial.  Thus, Respondent

28    denies that California state courts are required to make an independent determination of whether

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                    *Agrio v. Curry*
                                                                                              C07-04201 JW

1 | Agrio currently poses an unreasonable risk of danger to society.

2 |     20.   Respondent affirmatively alleges that the Board considered all relevant and reliable

3 | evidence before it and, after properly applying California's parole suitability criteria, made an

4 | individualized determination to deny Agrio parole.  (Ex. E.)

5 |     23.   Respondent affirmatively alleges that the Board properly considered the gravity of

6 | Agrio's commitment offense, as required under California Penal Code section 3041(b).  (*See also*

7 | Exs. D-E.)  Moreover, the California Supreme Court held in *Dannenberg* that the Board may rely

8 | solely on the circumstances of the commitment offense in denying parole.  34 Cal.4th at 1094.

9 | Respondent denies that the Board's reliance in part on the commitment offense to deny Agrio

10 | parole violates his due process rights.  *Sass*, 461 F.3d at 1129; *Irons v. Carey*, 505 F.3d 846 (9th

11 | Cir. 2007).

12 |     24.   Respondent denies that the Board must conduct a proportionality review regarding the

13 | length of an inmate's incarceration or conduct an inter-case comparative review between the

14 | inmate's offense and similar offenses committed by other inmates when determining whether an

15 | inmate is suitable for parole.  *Dannenberg*, supra, 34 Cal.4th at 1098.  Specifically, Respondent

16 | denies that Agrio's case should be compared to, or that he is entitled to a similar result, as in *In*

17 | *re Shaputis*, *supra*, __Cal.Rptr.3d __, 2007 WL 2372405.  Moreover, Respondent alleges that the

18 | California Supreme Court granted review in *Shaputis* and that it may no longer be cited or relied

19 | on by any court or party.  Cal. Rule of Court, Rule 8.1105, subd. (e), Rule 8.1115, subd. (a).

20 |     25.   Respondent denies that Agrio is entitled to immediate relief.

21 |     26.   Respondent denies that the Board's decision denying parole violated Agrio's due

22 | process rights.

23 |     27.   If the petition is granted, Agrio's remedy is limited to a new parole consideration

24 | hearing before the Board that comports with due process.  *Benny v. U.S. Parole Comm'n*, 295

25 | F.3d 977, 984-985 (9th Cir. 2002); *In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002).

26 |     28.   Respondent admits that Agrio's claim is timely under 28 U.S.C. § 2244(d)(1), and that

27 | the petition is not barred by the non-retroactivity doctrine.

28 |     29.   Respondent denies that an evidentiary hearing is necessary in this matter.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                    *Agrio v. Curry*
                                                                                                              C07-04201 JW

7

1    30.    Respondent affirmatively alleges that Agrio fails to state or establish any grounds for

2    habeas corpus relief.

3    31.    Except as expressly admitted above, Respondent denies, generally and specifically,

4    each and every allegation of the petition, and specifically denies that Agrio's administrative,

5    statutory, or constitutional rights have been violated in any way.

6    Accordingly, Respondent respectfully requests that the petition for writ of habeas corpus be

7    denied.

8    ## MEMORANDUM OF POINTS AND AUTHORITIES

9    ## ARGUMENT

10    ## I.

11    **THE STATE COURT'S DENIAL OF AGRIO'S HABEAS
      CLAIM WAS NOT CONTRARY TO OR AN UNREASONABLE**

12    **APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW,
      NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION**

13    **OF THE FACTS.**

14    Under AEDPA, a federal court may only grant a writ of habeas corpus if the state court's

15    adjudication of a claim on the merits was either:  (1) "contrary to, or involved an unreasonable

16    application of, clearly established Federal law, as determined by the Supreme Court of the United

17    States;" or (2) "based on an unreasonable determination of the facts in light of the evidence

18    presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2).

19    A state court decision is contrary to clearly established federal law if "the state court applies

20    a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or

21    "the state court confronts a set of facts that are materially indistinguishable from a decision of

22    [the United States Supreme] Court and nevertheless arrives at a result different from [the

23    Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citations and internal

24    quotation marks omitted).  A state court decision is an unreasonable application of clearly

25    established law "if the state court identifies the correct governing legal principle from [the United

26    States Supreme Court's] decision but unreasonably applies that principle to the facts of the

27    prisoner's case." *Id.* at 75.  It is not enough that the state court applied the law erroneously or

28    incorrectly; rather, the court must have made an objectively unreasonable application. *Id.* at 75-

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Agrio v. Curry*
                                                                            C07-04201 JW

1  76.

2      Here, the state court decision denying Agrio's claim for habeas relief is neither contrary to

3  or an unreasonable application of federal law, nor was it based on an unreasonable determination

4  of the facts in light of the evidence presented.  First, Agrio received all process required under

5  *Greenholtz*, the only clearly established federal law specifically addressing an inmate's due

6  process rights in a parole consideration hearing.  Second, the state court decision did not involve

7  an unreasonable interpretation of the evidence; rather, some evidence supports the state court

8  holding denying Agrio parole.  Thus, Agrio fails to establish an AEDPA violation, and the state

9  court decision denying habeas relief must stand.

10   **A.  The State Court Decision Was Not Contrary to Clearly Established Federal
       Law.**
11

12     Agrio is not entitled to federal habeas relief because he received all process due under

13  *Greenholtz* – the only United States Supreme Court decision establishing due process protections

14  for parole determinations.  In *Greenholtz*, the Court held that the only process required at a

15  parole consideration hearing is an opportunity for the inmate to present his case, and if parole is

16  denied, an explanation for the denial.  *Greenholtz*, 442 U.S. at 16.

17     Agrio received both of these protections during his 2005 parole consideration hearing.  First,

18  Agrio had a chance to fully present his case to the Board.  Agrio discussed his commitment

19  offense, including his responsibility for, and remorse about, Alma's murder; his social history;

20  relationships with family and friends; his parole plans should he be released; his psychological

21  evaluations; and his programming while incarcerated.  (Ex. C at 12-97.)

22     Second, when the Board returned after deliberation, it provided Agrio with a full

23  explanation as to why he was denied parole.  (Ex. C at 98-106.)

24     Thus, Agrio's due process rights were satisfied: he received both an opportunity to present

25  his case before the Board and a reasoned explanation as to why the Board denied him parole.

26  Accordingly, he is not entitled to relief and the petition must be denied.

27  //

28  //

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.          *Agrio v. Curry*
                                                                    C07-04201 JW

**B.    The Some-Evidence Standard of Review Is Not Clearly Established Federal Law By the United States Supreme Court for Challenging Parole Denials.**

The some-evidence standard does not apply in federal habeas proceedings challenging parole denials because it is not clearly established federal law.  The United States Supreme Court has reiterated that for AEDPA purposes, "clearly established federal law" refers only to the holdings of the nation's highest court on the specific issue presented.  *Carey v. Musladin, supra,* __ U.S. __, 127 S. Ct. at 653.  In *Musladin,* a convicted murderer filed a federal habeas petition after a state appellate court upheld the victim's family members' wearing of buttons with the victim's photograph during the trial, concluding that it was not inherently or actually prejudicial based on two United State Supreme Court cases.  *Id.* at 651-52.  The Court of Appeals for the Ninth Circuit reversed, finding that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law – the prejudice test in the two United State Supreme Court cases.  *Id.* at 652.  In vacating the Ninth Circuit's decision, the Supreme Court stated that the cases relied on by the Ninth Circuit involved state-sponsored courtroom practices – making a defendant wear prison clothing during trial and seating four uniformed troopers behind a defendant during trial – that were unlike the private action of the victim's family members' wearing of buttons.  *Id.* at 653-54.  The *Musladin* Court further noted that the two cases were not clearly established federal law on the issue because the United States Supreme Court "has never addressed a claim that such private-actor courtroom conduct was so inherently prejudicial that it deprived a defendant of a fair trial."  *Id.* at 653.  Consequently, the Court held that the Ninth Circuit erred by importing a federal test for prejudice state action in a courtroom to private spectators' courtroom conduct.  *Id.* at 654.

Again, in *Schriro v. Landrigan,* __ U.S. __, 127 S. Ct. 1933, 1942 (2007), the United States Supreme Court factually distinguished two of its cases that the Ninth Circuit cited in holding that the state court unreasonably applied clearly established federal law when finding ineffective assistance of counsel claims frivolous.  In *Landrigan,* a criminal defendant questioned by the judge told the court that he did not want mitigating evidence presented (his attorney advised otherwise).  *Id.* at 1937-38.  The United States Supreme Court reasoned that the two cases relied

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Agrio v. Curry*
C07-04201 JW

10

1  on by the Ninth Circuit were not clearly established federal law by factually distinguishing them.

2  *See id.* at 1942. The Court noted that one case involved an attorney's failure to provide

3  mitigating evidence and the other case concerned a defendant who refused to help develop

4  mitigating evidence. *Id. See also Wright v. Van Patten* ___ S.Ct. ___, 2008 WL 59980, *3-4

5  (2008) (United States Supreme Court reversed the Seventh Circuit and upheld a state appellate

6  court determination that the defendant's right to counsel was not violated when defense counsel

7  appeared by speaker phone at a hearing because Supreme Court precedents did not clearly hold

8  that counsel's participation by speaker phone amounted to complete denial of counsel, the

9  equivalent to total absence. Accordingly, the Court concluded that the state appellate court's

10  determination was not contrary to, or an unreasonable application of, clearly established federal

11  law, as required to grant federal habeas relief).

12      Likewise, several recent Ninth Circuit decisions also emphasize that there can be no clearly

13  established federal law where the Supreme Court has never addressed a particular issue or

14  applied a certain test to a specific type of proceeding. For instance, in *Foote v. Del Papa*, 492

15  F.3d 1026 (9th Cir. 2007) the Ninth Circuit affirmed the district court's denial of a petition

16  alleging ineffective assistance of appellate counsel based on an alleged conflict of interest

17  because no Supreme Court case has held that such an irreconcilable conflict violates the Sixth

18  Amendment. *Id.* at *3-4. Similarly, in *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007), the

19  Ninth Circuit upheld the state court's decision – finding that *Wainwright v. Greenfield*, 474 U.S.

20  284 (1986) did not apply to a state court competency hearing – because the Supreme Court has

21  not held that *Wainwright* applied to competency hearings and thus, was not contrary to clearly

22  established federal law. *Id.* at 718, 727. Finally, in *Locke v. Cattell*, 476 F.3d 46 (9th Cir. 2007),

23  the Ninth Circuit affirmed the denial of a federal habeas petition based on a proposed violation of

24  *Miranda v. Arizona*, 384 U.S. 436 (1966) concluding that, because no Supreme Court case

25  supported petitioner's claim that his admission to a crime transformed a police interview into a

26  custodial interrogation, the state court's decision denying relief was not unreasonable under

27  AEDPA. *Cattell*, 476 F.3d at 53.

28      Accordingly, because *Superintendent v. Hill*, *supra*, 472 U.S. at 455-56 applied the some-

1   evidence standard to a prison disciplinary hearing and Agrio challenges his 2005 parole

2   consideration hearing, the some-evidence standard does not apply.  Because *Greenholtz* is the

3   *only* United States Supreme Court authority describing the process due at a parole consideration

4   hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test, not the some-

5   evidence standard, should apply in this proceeding.  Regardless, Respondent recognizes that the

6   Ninth Circuit has held otherwise, most recently in *Irons v. Carey*, *supra*, 505 F.3d 846, and will

7   argue this case accordingly.

8       **C.    The State Court Decision Upholding the Board's Parole Denial Was a
             Reasonable Application of Clearly Established Federal Law.**

9

10          Assuming Agrio has a federally protected liberty interest in parole, and if the "minimally

11  stringent" some-evidence standard is applicable, then the requirements of due process are

12  satisfied if there is "any evidence in the record that could support the conclusion reached by the

13  board."  *See Hill*, 472 U.S. at 455-56 (applying some-evidence standard to prison disciplinary

14  hearing).  The some-evidence standard "does not require examination of the entire record,

15  independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it

16  assures that "the record is not so devoid of evidence that the findings of the . . . board were

17  without support or otherwise arbitrary."  *Id.* at 457.  Thus, both the "reasonable determination"

18  standard of AEDPA and the some-evidence standard of *Hill* are very minimal standards.

19          Although Agrio invites the Court to re-examine the facts of his case and re-weigh the

20  evidence presented to the Board, AEDPA does not permit this degree of judicial intrusion.  Agrio

21  bears the burden of proving that the state court's factual determinations were objectively

22  unreasonable.  28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005).

23  So long as the state court's reasoned decision was a reasonable determination of the facts

24  presented, Agrio's claim must fail.

25          Moreover, in assessing the state court's review of Agrio's claims, not only should the

26  appropriate deference be afforded under AEDPA to the state court's review, but deference is also

27  due to the underlying Board decision.  The Supreme Court has recognized the difficult and

28  sensitive task faced by the Board members in evaluating the advisability of parole release.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                              *Agrio v. Curry*
                                                                                        C07-04201 JW

1   *Greenholtz*, 442 U.S. at 9-10. Thus, contrary to Agrio's belief that he should be paroled based on

2   the evidence in support of parole presented at the hearing (*see generally*, Petn.), the Supreme

3   Court has stated that in parole release, there is no set of facts which, if shown, mandate a

4   decision favorable to the inmate. *Id.* Instead, under the some-evidence standard, the court's

5   inquiry is limited solely to determining whether the state court properly found that the Board's

6   decision to deny parole is supported by some evidence in the record, *i.e.*, any evidence. *Hill*, 472

7   U.S. at 455.

8           When, as here, the California Supreme Court denies a petition for review without

9   comment, the federal court will look to the last reasoned decision as the basis for the state court's

10  judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned

11  decision is the Fourth Appellate District's October 6, 2006 decision denying Agrio's habeas

12  claim. (Ex. E.) There, the court concluded that there was some evidence supporting the Board's

13  decision to deny parole based on the facts of the commitment offense, Agrio's deception

14  regarding his parole plans, and his false statements to the evaluating psychologist. (*Id.* at p. 4.)

15  The court also noted that Agrio abruptly left the hearing after learning that he would not be

16  granted parole because, as stated by the Board, he "didn't want to hear the truth here and didn't

17  want to face the facts . . . ." (*Ibid.*) Thus, the court determined that the Board considered all

18  relevant and reliable information in an individualized manner and some evidence supported the

19  Board's decision denying Agrio parole. (*Id.* at 4.) These findings were a reasonable application

20  of the *Hill* some-evidence test and thus, Agrio's claim must fail.

21          Agrio argues that due process precludes the Board from relying on the circumstances of

22  the commitment offense to deny parole. This argument fails for a number of reasons. First,

23  reliance on the commitment offense is not contrary to any clearly established United States

24  Supreme Court law and thus cannot be the basis for relief under AEDPA. *Andrade*, 538 U.S. at

25  73.

26          Second, federal case law does not compel a different result. For example, in *Biggs v.*

27  *Terhune*, 334 F.3d 910 (9th Cir. 2003), the Ninth Circuit stated that the Board's continuing

28  reliance on an unchanging factor to deny parole "could result in a due process violation." *Id.* at

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                              *Agrio v. Curry*
                                                                                        C07-04201 JW

1    917. However, the *Biggs* court did not definitively indicate that reliance on an unchanging factor

2    necessarily violates due process, only that it possibly could. Indeed, the court praised Biggs for

3    being "a model inmate," and found that the record was "replete with the gains Biggs has made,"

4    including a master's degree in business administration. *Id.* at 912. Nonetheless, the court denied

5    habeas relief because the Board's decision to deny parole—which relied solely on the

6    commitment offense—was supported by some evidence. Most importantly, the statement in

7    *Biggs* is merely circuit court dicta, and not clearly established federal law sufficient to overturn a

8    state court decision under AEDPA standards. *Crater v. Galaza*, 491 F.3d 1119, 1126, fn. 8

9    (2007) (circuit court decisions are not controlling under AEDPA).

10          Furthermore, the Ninth Circuit has emphasized that *Biggs* does not contain mandatory

11   language, and that "[u]nder AEDPA, it is not our function to speculate about how future parole

12   hearings could proceed." *Sass*, 461 F.3d at 1129. The *Sass* court rejected the argument that the

13   Board's reliance on "immutable behavioral evidence" to deny parole violated federal due

14   process.[3/] *Id.*; *Irons*, 505 F.3d at 851, 853 (in dicta, the Ninth Circuit held that despite

15   "substantial" evidence of rehabilitation, the Board acted properly within its discretion in

16   continuing to rely on the inmate's offense to deny parole.) Although the Ninth Circuit recently

17   held in *Hayward v. Marshall* (9th Cir. 2007) __ F.3d ___, 2008 WL 43716, that the Governor's

18   continued reliance on Hayward's commitment offense violated due process, the court expressly

19   limited its holding to the facts of Hayward's case and the nature of his specific conviction

20   offense. (*Hayward*, at p. *8, fn. 10.) Moreover, when conducting an AEDPA analysis, "[w]hat

21   matters are the holdings of the [United States] Supreme Court, not the holdings of lower federal

22   courts." *Plumlee v. Masto* (9th Cir. 2008) __ F.3d __ 2008 WL 151273 at *5-6. Thus, because

23   reliance on the commitment offense is not contrary to any clearly established United States

24

25          3. This Court has also recognized that the Board may properly rely on static factors to deny

26   parole. In a recent decision, this Court noted that "[p]ast criminal conduct is not some arbitrary
     factor like eye color that has nothing to do with present dangerousness. Recidivism concerns are

27   genuine. California's parole scheme does not offend due process by allowing the [Board] to predict
     that an inmate presents a present danger based on a crime he committed many years ago." *Hill v.*

28   *Kane*, 2006 WL 3020923 at *3 (N.D. Cal. Oct. 26, 2006) (citations omitted).

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                              *Agrio v. Curry*
                                                                                      C07-04201 JW

1  Supreme Court law, circuit authority is insufficient to reverse a state court decision under

2  AEDPA.

3       Finally, California law allows the Board to rely on the commitment offense in denying

4  parole:  California Penal Code section 3401(b) requires that the Board examine the commitment

5  offense; and the California Supreme Court held in *Dannenberg* that the Board may solely rely on

6  the circumstances of the commitment offense to deny parole.  *Dannenberg*, 34 Cal. 4th at 1094.

7       Thus, although the Board relied on other factors in addition to Agrio's commitment

8  offense, the Board is not precluded from considering and relying on the circumstances of the

9  commitment offense to deny him parole.  Because Agrio's has failed to prove that the state court

10 decisions were contrary to AEDPA standards, his claim must be denied.

11      **D.   The State Court Decision Upholding the Board's Parole Denial Was a**
         **Reasonable Interpretation of the Facts in Light of the Evidence**
12       **Presented.**

13      The second standard under AEDPA is that a state court habeas decision must be based on

14 a reasonable determination of the facts in light of the evidence presented.  28 U.S.C. §

15 2254(d)(2).  AEDPA defers to state courts, indicating that "a determination of a factual issue

16 made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Additionally,

17 the Petitioner bears the burden of proof on this prong, and he must show that the state court's

18 factual determinations were objectively unreasonable.  28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*,

19 408 F.3d 1262, 1270 (9th Cir. 2005).

20      Here, Agrio fails to prove that the state court's factual determinations were objectively

21 unreasonable.  The state court properly found that some evidence supported the Board's

22 determination that Agrio was unsuitable for parole.  (Ex. E.)  The Board relied on the facts of the

23 crime in concluding that Agrio continued to be a danger to society if released from prison and

24 that he was both minimizing his role in the crime and failing to take responsibility for his

25 offense.  (Ex. B; Ex. C at 12-22, 66-74, 98-100; Ex. E.)  Additionally, the Board relied on

26 documents in Agrio's central file and his testimony regarding his commitment offense, social

27 history, relationships with family and friends, parole plans should he be released, his

28 psychological evaluations, and programming while in prison in determining Agrio was not

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                    *Agrio v. Curry*
                                                                                              C07-04201 JW

1  suitable for parole. (Ex. C at 12-97; Ex. E.)

2       Accordingly, the findings of the state court are both supported by the record and a

3  reasonable interpretation of the evidence presented. Agrio fails to prove that the state court's

4  factual determinations were unreasonable. As such, the state court's denial of habeas relief

5  meets the AEDPA standards, and there is no basis for this Court to overturn the decision. The

6  petition for writ of habeas corpus should be denied.

7       **E.    Agrio Erroneously Argues that He Is Entitled to Parole Based on the**
        **Result in *In re Shaputis*.**
8

9       In addition to challenging the sufficiency of the evidence, Agrio also contends that he is

10  entitled to parole based on *In re Shaputis*, *supra*, ___ Cal.Rptr.3d ___, 2007 WL 2372405. (Petn. at

11  Mem. Points & Authorities, Ground 1.) Agrio's allegation is both without merit and fails to state

12  a federal claim.

13       As an initial matter, Agrio's claim regarding the proper interpretation and application of

14  *Shaputis* is solely a state law claim, and thus not cognizable in federal habeas corpus. *See, e.g.,*

15  *Rose v. Hodges*, 423 U.S. 19, 21-22 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (9th

16  Cir. 1983). Moreover, even if Agrio is alleging that the state court erroneously interpreted or

17  applied the applicable legal principles in *Shaputis* when it denied his petition, a federal court may

18  not challenge a state court's interpretation or application of state law, *Middleton v. Cupp*, 768

19  F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law."

20  *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Indeed, because the California Supreme Court recently

21  granted review in *Shaputis*, it may no longer be properly cited or relied on by any court or party.

22  Cal. Rule of Court, Rule 8.1105, subd. (e), Rule 8.1115, subd. (a). Thus, the petition should be

23  denied as to Agrio's claim challenging the proper application of *Shaputis* because he fails to

24  demonstrate that the state courts unreasonably denied his petition as to this claim.

25       Alternatively, to the extent Agrio's allegation states a federal claim, it is without merit.

26  An inmate is entitled to a parole release date unless the Board determines that "consideration of

27  the public safety requires a more lengthy period of incarceration for this individual." Pen. Code,

28  § 3041, subds. (a)-(b). In *Dannenberg*, the California Supreme Court held that "the overriding

1    statutory concern for public safety in the individual case trumps any expectancy the

2    indeterminate life inmate may have in a term of comparative equality with those served by other

3    similar offenders." *Dannenberg*, *supra*, 34 Cal.4th at p. 1084. As a result, the Court concluded

4    that California's parole scheme does not require that "the Board determine an individual inmate's

5    suitability by reference to other offenders of the same class." *Id.* at p. 1091. Thus, Agrio is

6    entitled to parole only after the Board has made an individualized determination that he is

7    suitable for release because he no longer poses an unreasonable risk of safety to society. *Irons*,

8    505 F.3d at 851, n.3 (citing *Dannenberg*, 34 Cal. 4th at 1078). Moreover, Agrio cannot show

9    that he is entitled to parole based on *Shaputis*, or that he is entitled to a similar result, because the

10   Board is prohibited from engaging in a comparative review of his commitment offense and

11   similar offenses committed by other inmates. *Dannenberg*, *supra*, 34 Cal.4th at 1098.

12   Accordingly, Agrio cannot meet his burden of demonstrating that the state court unreasonably

13   denied him relief as to this claim.

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                    *Agrio v. Curry*
                                                                                              C07-04201 JW

**CONCLUSION**

1

2        Under AEDPA, the Court may grant a writ of habeas corpus only if it determines that the

3   state court findings denying relief were contrary to, or an unreasonable application of, clearly

4   established federal law, or involved an unreasonable interpretation of the facts.  Agrio fails to

5   prove that this is the case.  First, he received all process due under *Greenholtz*, the only clearly

6   established federal law specifically addressing the process due at parole consideration hearings.

7   Second, even if the some-evidence standard applies, Agrio cannot show that the state court

8   decision denying him relief was based on either an unreasonable application of this standard

9   under clearly established Supreme Court law or that it was based an unreasonable determination

10  of the facts.  For these reasons, Respondent respectfully requests that the petition for writ of

11  habeas corpus be denied.

12        Dated:  January 24, 2008

13                                Respectfully submitted,

14                                EDMUND G. BROWN JR.
                                  Attorney General of the State of California

15                                DANE R. GILLETTE
16                                Chief Assistant Attorney General

                                  JULIE L. GARLAND
17                                Senior Assistant Attorney General

                                  ANYA M. BINSACCA
18                                Supervising Deputy Attorney General

19

20

21                                AMANDA J. MURRAY
22                                Deputy Attorney General
                                  Attorneys for Respondent

23

24  40206902.wpd
25  SF2007403341

26

27

28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                         *Agrio v. Curry*
                                                                                   C07-04201 JW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Pablo Agrio v. Ben Curry**

No.:    **U. S. D. C., N. D., SAN JOSE DIV., C07-04201 JW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **January 25, 2008**, I served the attached

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS A - F**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Pablo J. Agrio, E-17284**
**Correctional Training Facility**
**P. O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 25, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Baker | J. Baker |
| Declarant | Signature |

40210065.wpd