Pablo Agrio
E17284   ZW-130U
P.O. Box 689
Soledad, CA 93960-0689

IN PROPIA PERSONA

FILED

2008 FEB -1 P 3 07

RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **PABLO AGRIO,** | ) | C07-04201 JW |
| | ) | |
| Petitioner, | ) | **TRAVERSE TO ANSWER TO** |
| | ) | **PETITION FOR WRIT OF HABEAS** |
| v. | ) | **CORPUS; MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES** |
| **BEN CURRY, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## INTRODUCTION

On October 24, 2007, this Court issued an order to show
cause to Petitioner's petition for writ of habeas corpus claiming
the California Board of Parole Hearings violated his
constitutional rights by conducting a hearing that was a farce
and a sham and reaching a decision that was predetermined,
arbitrary and capricious. Further, Petitioner claimed that
reviewing state courts violated his constitutional rights to
equal protection of the laws, are racially discriminating against
him, and made findings without benefit of an evidentiary hearing
as requested by Petitioner.

On January 28, 2008, Petitioner received the Attorney
General's Answer. Petitioner hereby Traverse as follows:
/ / /

/ / /

**TRAVERSE TO ATTORNEY GENERAL'S ANSWER**

In response to the Attorney General's Answer received January 28, 2008, Petitioner Traverses as follows:

1. Petitioner's custody has become unlawful. He has served more than the minimum time required by law for his offense.

2. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

3. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

4. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

5. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

6. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

7. Petitioner alleges that the facts of the case are not in dispute. Petitioner was already prosecuted, convicted and punished several times over for his offense. Double jeopardy has long since attached.

8. Petitioner admits that the Board did find him unsuitable for parole on December 6, 2005. However, Petitioner alleges the Board overstepped its authority by retrying the case, reinterpreting evidence presented at a jury trial, mocking Petitioner's responses, engaging in unprofessional conduct and

digging deep to justify a predetermined outcome, knowing that there was no evidence in the record to prove that Petitioner was a **CURRENT** danger to society.

9. Petitioner admits that the Superior Court denied his writ on April 11, 2006. However, that court violated Petitioner's constitutional right to equal protection of the laws by failing to grant relief based on a published opinion of its supervising appellate court (In re Shaputis) involving a White defendant with legal representation, by failing to show how the Board's conclusory opinions amounted to evidence of **CURRENT** dangerousness, and by failing to grant an evidentiary hearing.

10. Petitioner admits that the California Court of Appeal denied his follow up petition on October 6, 2006. However, that court also failed in its responsibility to protect Petitioner's right to equal protection of the laws. That court failed to follow its own reasoning in In re Shaputis, failed to explain how the Board Commissioner's opinions amounted to evidence of **CURRENT** dangerousness, failed to order an evidentiary hearing, and failed to disqualify judges with a personal bias and hostility towards Petitioner from the case. How is Petitioner to find justice if year after year the same judges with already set opinions keep restating their already established views?

11. Petitioner admits that the California Supreme Court didn't bother to take Petitioner's constitutional claims seriously.

12. Petitioner admits that his state court remedies have been exhausted. Petitioner denies that there are any unexhausted claims in his petition and asks that this Court take a look at the big picture and try to understand Petitioner's frustration with individuals who fail to honor, respect and abide by written laws, rules, and regulations.

13. Petitioner alleges that the state courts denial of habeas corpus relief was contrary to the requirements of the AEDPA as no evidentiary hearing was ordered.

14. Petitioner alleges that he does have a federally protected liberty interest in parole.

15. Petitioner alleges that liberty interest means more than just an opportunity to present his case to the Board.

16. Petitioner admits that the ``some evidence'' standard is inappropriate for parole consideration hearings. That standard is for prison disciplinary proceedings, not for matters involving a liberty interest. The appropriate standard should be ``substantial evidence'' or ``preponderance of the evidence.''

17. Petitioner alleges that the standard in **Superintendent v. Hill** was developed for prison disciplinary proceedings, not parole consideration hearings.

18. Petitioner alleges that this Court must make an independent determination of Petitioner's **CURRENT** dangerousness to society. If bona fide career criminals are being found suitable for parole and released to the community, why should parole be denied to a man with Petitioner's background?

19. Petitioner alleges that the use of the ``some evidence'' standard is inappropriate to evaluate Board's decisions. But regardless, in this case there is simply no evidence to prove that if released Petitioner represents a **CURRENT** danger to society.

20. Petitioner alleges that the Board did not properly consider the evidence before it and that its conclusory findings and opinions did not establish a nexus to **CURRENT** dangerousness. Petitioner had been given back to back one year denials by previous panels and told he just needed to do more time. What about Petitioner's current programming an evidentiary record justified a three-year denial by this panel?

21. Respondent did not allege, deny or affirm anything in this paragraph; therefore no response is provided.

22. Respondent did not allege, deny or affirm anything in this paragraph; therefore no response is provided.

23. Petitioner alleges that reliance on the commitment offense to deny parole over and over is a violation of due process.

24. Petitioner alleges that a proportionality review regarding length of confinement is proper and constitutional. Neither the Board nor the Courts should treat a White petitioner more favorably than a colored petitioner. While it is true that the Shaputis case is currently under review by the California Supreme Court, at the time of Petitioner's writ application to the Superior Court, the case was law; and, Petitioner's writ in the Appellate Court was to the same court that decided Shaputis. By rules, they were allowed to consider their own decision, published or unpublished. The failure to do so violated Petitioner's constitutional right to equal protection. If Petitioner is not presenting his claims properly, Petitioner requests appointment of counsel to protect his constitutional rights.

25. Petitioner alleges he is entitled to immediate relief.

26. Petitioner alleges the Board violated his due process rights.

27. Petitioner alleges the petition should be granted and his immediate release ordered. Board hearings are a farce and a sham and comport to an underground ``no parole'' policy.

28. Petitioner admits his claims are timely.

29. Petitioner alleges that an evidentiary hearing is required and appointment of counsel necessary to protect his constitutional rights.

30. Petitioner alleges that he has established grounds for relief.

31. Petitioner alleges that all the claims in his writ establish a pattern of total disregard for established law and constitutional safeguards on the part of the Board and state courts.

Accordingly, Petitioner respectfully requests the petition for writ of habeas corpus be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### I

**THE BPH VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT DENIED PAROLE ABSENT EVIDENCE HAVING AN INDICIA OF RELIABILITY THAT IF PAROLED HE WOULD POSE AN UNREASONABLE RISK OF DANGER TO SOCIETY. THE REVIEWING STATE COURTS DID NOT SATISFY THE REQUIREMENTS OF THE AEDPA.**

When, as here, the state court's holding does not provide a reasoned explanation, the reviewing court must independently review the record to determine whether the state court decision was a reasonable application of clearly established federal law. **Himes v. Thompson** (9th Cir. 2003) 336 F.3d 848.

Petitioner agrees with Respondent that the "some evidence" standard of review, designed to apply to prison disciplinary hearings, is an inappropriate standard to apply to his claims. Accordingly, Petitioner encourages the Court to revisit the issue. The standard evolved from **Superintendent v. Hill,** 472 U.S. 445 (1985); See **In re Powell,** 45 Cal.3d 894 (1988). In *Hill* the Supreme Court applied the some evidence test to review a hearing at which disciplinary charges were based on a confidential source, causing the prisoner's due process right to be diminished by a prison's need for security and confidentiality. Petitioner's due process right is not reduced because neither the parole determination process used by BPH nor adjudication of his habeas claims requires disclosure of a confidential source or involves any security concern.

Importantly, the state courts that adopted *Hill's* some evidence standard to review parole decisions held that prisoners did NOT have a due process liberty interest in parole. **In re**

**Powell,** supra, 45 Cal.3d at 911. Because the contrary is now established (**McQuillion,** 306 F.3d at 902; **Rosenkrantz,** 29 Cal.4th at 621; see **Sass,** 461 F.3d at 1128), due process certainly demands a finding of something more than "some" (any) evidence in the record to secure a vested liberty interest protected by the Due Process clause.

In **Carrillo v. Fabian,** 701 N.W.2d 763 (2005), the Minnesota Supreme Court recently and explicitly held that the some evidence standard of review of a prison disciplinary action established in *Hill* is inapplicable to the review of a correctional agency's decision affecting an inmate's parole date in a state whose statutes provide a protected liberty interest in parole. The Court held, based on the tripartite test prescribed by the Supreme Court, that the "substantial evidence" standard of review is requisite to provide adequate due process protection.

In **Santosky v. Kramer** (1982) 455 U.S. 745, 767-769, the High Court explained that they had mandated an intermediate standard of proof - "clear and convincing evidence" - when the individual interests at stake in a state proceeding are both "particularly important" and "more substantial than mere loss of money." This level of certainty is necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with "a significant deprivation of liberty" or "stigma." The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss."

It cannot be argued that Petitioner's interest at stake are not "particularly important" or do not involve "a significant deprivation of liberty" or "a grievous loss." See **Davis v. Board of Parole,** 200 Or.App. 366 (2005) ["clear and convincing

evidence" required in parole cases]; **Trantino v. New Jersey**, 764 A.2d 940 (2001) ["substantial evidence" required]. It is noteworthy that California's statutory law requires courts, when reviewing decisions of state agencies for evidentiary support, to apply the "substantial evidence" test. Cal.Civ. Code section 1094.5(c).

Accordingly, Petitioner respectfully requests that this Court revisit the issue of the appropriate standard of review (as Respondent also requests), and apply the "clear and convincing evidence" or "substantial evidence" standard to adjudicate his constitutional claims.

## A. THE AEDPA STANDARD OF REVIEW

Petitioner agrees that Respondent's standard of review contains an accurate summary of the governing law regarding law regarding the deference due under the AEDPA to state court adjudication on the merits. On the other hand, Respondent omits entirely from its discussion what may be the most important standard of review to be considered at this juncture in the litigation – the standard this court must apply in deciding whether or not to grant Petitioner an evidentiary hearing on one or more of the habeas corpus claims.

A petitioner on federal habeas corpus is entitled to an evidentiary hearing where the petitioner establishes a "colorable" claim for relief, and where the petitioner has never been accorded a state or federal hearing on his claim. **Earp v. Oronski**, 431 F.3d 1158, 1167 (9th Cir. 2005), citing **Townsend v. Sain**, 372 U.S. 293 (1963) and **Keeney v. Tamayo-Reyes**, 504 U.S. 1, 5 (1992). In stating a "colorable" claim, a petitioner is merely required to allege specific facts which, if true, would entitle him to relief. *Ibid.* Granted, under the AEDPA, a federal court is not required to order a hearing where the petitioner failed to develop the facts in state court. In such cases, the

federal court accords a presumption of correctness to the facts found by the state court, and need not hold any evidentiary hearing unless those facts are rebutted by clear and convincing evidence. On the other hand, no AEDPA deference is due where the state has made an "unreasonable" determination of the facts; and: "Where a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly resulting in an 'unreasonable determination' of the facts. **Taylor v. Maddox,** 366 F.3d 992, 1001 (9th Cir. 2004).

In sum, an evidentiary hearing is required under the AEDPA – and an appellate court will remand for a hearing if the district court rules without granting one – "where the petitioner establishes a colorable claim for relief and has never been accorded a state or federal hearing on his claim." *Earp*, supra, at 1167.

Here, Petitioner requested an evidentiary hearing at every level of the state habeas proceedings, and each of the courts to which he applied ruled without granting him an evidentiary hearing. As a result, (1) Petitioner is entitled to an evidentiary hearing in this court before the court can make any credibility determinations on the facts alleged in the petition and supporting exhibits; and (2) Any controverted "facts" found by the sate court while denying a request for an evidentiary hearing necessarily result from an "unreasonable determination" of the facts, and hence are not entitled to any presumption of correctness. *Earp*, supra, at 1167; *Taylor*, supra, at 1101 ["Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."].

**B. SUPREME COURT AUTHORITY SUPPORTS PETITIONER'S CLAIMS. DUE PROCESS ENTITLED HIM TO MORE THAN AN OPPORTUNITY TO BE HEARD AND A WRITTEN STATEMENT OF REASONS FOR THE DECISION.**

In **Greenholtz v. Inmate of Nebraska**, 442, U.S. 1 (1979), and **Board of Pardons v. Allen**, 482 U.S. 369 (1987), the Supreme Court held that a state prisoner may be constitutionally entitled to more than the above.

Based on *Greenholtz*, the 9th Circuit Court of Appeals, like the California Supreme Court in *Rosenkrantz*, determined that the mandate and predicates set forth in Cal. Penal Code section 3041, that parole "shall" be granted "unless" the prospective parolee <u>currently</u> poses an undue public safety risk, creates a federally protected liberty interest in parole. *McQuillion*, supra, 306 F.3d at 901-903.

The 9th Circuit also held, based on *Hill*, supra, in accord with the California Supreme Court's holding in *Rosenkrantz*, that federal due process requires the Board's decisions to be supported by at least "some evidence" having "some indicia of reliability." *McQuillion*, supra, 306 F.3d at 904.

The Board's findings in this case were inconsistent with the Supreme Court's explicit holdings in *Greenholtz* and *Hill*. The panel's decision at issue flunked the *Hill's* some evidence standard because, pursuant to Petitioner's liberty interest in parole provided by Cal. Penal Code section 3041, implemented by 15 CCR sections 2401, 2402(a), no evidence whatsoever – set forth by the panel – supports the decision that Petitioner <u>currently</u> poses an unreasonable risk of danger to public safety, the state's parole suitability standard below which parole "shall" be granted, and because the State's forensic experts chosen for the task, based on the commitment offense and all evidence in the record, determined that Petitioner does not

<u>currently</u> pose a risk to society if released, and no contrary evidence exists.

The Board found no evidence in the record or stated any that showed Petitioner to <u>currently</u> pose an unreasonable risk of danger to public safety if paroled.

According to the Board and Respondent, its panels may simply recite the codified offense factors year after year until the subject dies in prison – no harm, no foul. Because Cal. Penal Code section 3041 requires that the panel "shall" grant parole "unless" it sets forth evidence showing that his parole <u>currently</u> poses an undue risk, without articulating any nexus suggesting how the immutable offense facts it recited bear upon the state's suitability determinant – Petitioner's <u>current</u> parole risk – recitation of such facts is unavailing and flunks the some evidence test.

A nexus may be established, e.g., if an offense was caused by or related to alcohol or drugs and the prospective parolee has not been certified to have overcome the problems or to have received sufficient treatment, or if the offense was gang-related and the subject still has gang affiliations, or if the offense involved substantial violence and the subject has exhibited violence during imprisonment, such that a reasonable public safety concern remains. Petitioner's panel merely recited the codified offense verbiage to <u>presume</u> that he therefore requires continued imprisonment, without suggesting any reason why or how the immutable factors bear upon his <u>current</u> parole risk to public safety

Stated differently, in order to apply the some evidence a federal reviewing court must first ask the pivotal question, "Some evidence of WHAT"? The question can be answered only by the State's parole determination statute: The offense facts must demonstrate that the "timing" or "gravity" of the commitment

offense renders the inmate's parole a current public safety risk. Cal. Penal Code section 3041.

What did the Board, the state court, or Respondent say about the "timing" of Petitioner's offense that makes him a current parole risk to public safety? **Nothing.**

What did they say about how the recited offense adjectives still make Petitioner a current public safety risk? **Nothing.** They merely recited immutable offense factors without explaining how those factors still serve to make Petitioner a public safety risk if paroled. The omission is flagrant because the state's forensic experts have determined Petitioner's further risk to public safety to be negligible, long after he completed the maximum prison term prescribed by the Board's MATRIX for the most aggravated version of his offense.

A plethora of very recently issued California state and district court decisions uniformly holds that evidence of even particularly egregious facts of commitment offenses is not tantamount to evidence of undue current parole risk absent articulation of a nexus between those entities. **Willis v. Kane,** 485 F.Supp.2d 1126 (N.D. Cal. 2007); **Martin v. Marshall,** 431 F.Supp.2d 1038 (N.D. Cal. 2006); **Blankenship v. Kane,** 2007 WL 1113798 at 10 (N.D. Cal. 2007); **Thomas v. Brown,** 2006 WL 3783555 at 6 (N.D. Cal. 2006); **Rosenkrantz v. Marshall,** 444 F.Supp.2d 1063 (C.D. Cal. 2006); **In re Scott,** 133 Cal.App.4th at 595; **In re Elkins,** 144 Cal.App.4th at 496; **In re Lee,** 143 Cal.App.4th at 1413; **In re Lawrence,** 150 Cal.App.4th 1511; **In re Gray,** 151 Cal.App.4th 379; **In re Baker,** 151 Cal.App.4th 346.

Absent any nexus found by the panel, by the state court, or by the Board in its briefs, between the codified offense factors dutifully recited to deny parole, the facts are unavailing as to the state's parole determinant, the current parole risk posed by

Petitioner, which all evidence addressing that factor demonstrates to be negligible.

Accordingly, finding that he still poses an undue public safety risk based on the offense, and continuing to preclude his parole on that basis denied due process.

DATED: _____1/30/08_____          Respectfully submitted,


_____
PRO SE PETITIONER


cc: Office of the Attorney General