Pablo Agrio E17284
P.O. Box 689   ZW-130U
Soledad, CA 93960-0689

**IN PROPIA PERSONA**

Filed

APR 0 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **PABLO AGRIO,** | ) | C 07-04201 JW |
| | ) | |
| Petitioner, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | **PURSUANT TO FRCP, RULE 56** |
| v. | ) | |
| | ) | |
| **BEN CURRY, WARDEN,** | ) | Judge James Ware |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

### INTRODUCTION

Petitioner is a California state inmate at the Correctional Training Facility, proceeding pro se on habeas corpus action. On October 24, 2007, this Court issued an order to show cause why the petition should not be granted. On January 24, 2008, Respondent filed her Answer. Shortly thereafter, Petitioner filed his Traverse. This action is appropriate for resolution by way of motion for summary judgment. The facts are not in dispute, there is no request or need for discovery and the underlying petition is fully briefed and stands submitted for decision. Blackledge v. Allison, 431 U.S. 63, 80 (1977); Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000).

Page 1

## SUMMARY JUDGMENT STANDARDS

Normally in civil cases, summary judgment is appropriate when it is demonstrated that there exists ``no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exists. Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute does exists. See FRCP 56(e); Matsushita, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Thus, summary judgment is appropriate in the typical civil case when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FRCP 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

## STATEMENT OF UNDISPUTED FATCS

On December 6, 2005, Petitioner PABLO AGRIO, was provided a Life Term Parole Consideration Hearing before the now Board of Parole Hearings. Said hearing was Petitioner's fourth (4th) parole suitability hearing. Petitioner's minimum eligible parole date was April 30, 2000.

The BPH considered the materials presented, including the forensic evaluation, and concluded Petitioner was not suitable for parole because he posed ``an unreasonable risk of danger to society or a threat to public safety if released from prison.'' Specifically, the

BPH stated: 1- The offense was carried out in an exceptionally cruel and callous manner; 2- The offense was carried out in a dispassionate manner; and, 3- The offense was carried out in a manner that demonstrates an exceptionally callous disregard for the safety of others.

Petitioner has now served 20 years on a 17 year to life sentence. He has remained disciplinary free during this time and has upgraded educationally and vocationally. He has received numerous laudatory chronos that together with Counselor's Reports and Pscyh Reports favor parole. Respondent did not dispute this forensic evidence in her Answer. Both, Petitioner's wife and mother, are willing to provide shelter upon release, and Petitioner has acquired marketable skills. The Board continues to deny parole based solely on the unchanging factors of the commitment offense.

An inmate similarly situated, In re Shaputis, was granted habeas relief by a California Appellate Court. When asked to, the Superior Court of San Diego refused to apply this case law to Petitioner's claims. Other state courts have ignored existing precedent. Thus, Petitioner's due process and equal protection rights under the United States Constitution have been violated.

## ARGUMENT

The Board's 2005 decision to deny parole is unsupported by any evidence. The Board relied exclusively on unchangeable and dated factors, specifically, Petitioner's offense of commitment, the manner in which it was carried out, and a single incident that occurred prior to his offense. Petitioner ``cannot change the past'' and denying him parole based solely on these immutable factors ``effectively changes his sentence'' from 17 years to life ``into life imprisonment without the possibility of parole.'' Martin v. Marshall, 431 F.Supp.2d 1038, 1046 (N.D. Cal. 2006). The Board's 2005 decision relied solely on ``stale and static factor[s]'' in violation of Petitioner's due process rights and the factors cited therein fail to demonstrate that Petitioner would pose a current danger to public safety if released

from prison. See <u>Hayward v. Marshall</u>, 512 F.3d 536, 542 (9th Cir. 2008).

Petitioner urges this Court to look at the forensic evidence detailed in Ground I of his petition. Specifically, the comments by Dr. Macomber that Petitioner ``presented a low risk for violence.'' (See Exhibit B). The LPER prepared by Petitioner's Prison Counselor where he states, ``considering the commitment offense, the writer believes Agrio would probably pose a low degree of threat to the public at this time, if released from prison.'' The laudatory chronos in Exhibit C that address insight and empathy, anger management and other therapeutic programming.

In California, the setting of a parole date is conditioned on a finding of suitability. Penal Code section 3041. The requirements of due process in the parole suitability setting are satisfied ``if some evidence supports the decision.'' <u>Perveler v. Estelle</u>, 974 F.2d 1132, 1134 (9th Cir. 1992) However, ``the evidence underlying the Board's decision must have some indicia of reliability.'' See <u>Perveler</u>, 974 F.2d at 1134. The test is not whether some evidence supports the reasons for denying parole, but whether some evidence indicates a parolee's release to the community unreasonable endangers public safety. Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers the public safety. <u>Jancsek v. Or. Bd. Of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987)

In recent years the Ninth Circuit Court of Appeals has been called upon to address these issues in four (4) significant cases, each of which Petitioner urges this Court to read: 1- <u>Biggs v. Terhune</u>, 334 F.3d 910 (9th Cir. 2003) [continued reliance on an unchanging factor such as the circumstances of the offense in denying parole could, at some point, result in a due process violation]; 2- <u>Irons v. Carey</u>, 505 F.3d 846 (9th Cir. 2007) [we note that in all the cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of the commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence]; 3- <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008) [we conclude that the unchanging

factors of the gravity of Hayward's commitment offense had no predictive value regarding his suitability for parole]; and, 4- <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006) [continued reliance in the future of an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation].

Taking into consideration the Ninth Circuit decisions in <u>Biggs</u>, <u>Sass</u>, <u>Irons</u>, and <u>Hayward</u> and the careful review of the record this Court must conclude that the state courts unreasonably applied the ``some evidence'' standard when it determined the Board's denial of parole was justified. No evidence in the record before this Court supports a conclusion that Petitioner's release would unreasonably endanger public safety.

**CONCLUSION**

Petitioner is now 50 years old and has served more than the minimum number of years required by his sentence. He committed his crime of second degree murder (the same offense as Petitioner in Hayward and Shaputis) decades ago during a time of significant stress in his life. Specifically, dealing with the difficulties of living with a substance abuser. The circumstances and events that led to the shooting are both unusual and extremely unlikely to recur in the remaining years of Petitioner's life.

Petitioner has accepted responsibility for his crime and has shown remorse for it. Petitioner has also demonstrated that he can be released without presenting a probable danger to society as evidenced by his disciplinary-free prison record, his above average to exceptional work reports, his extensive involvement in vocational programs, his record of constant employment since his imprisonment, his positive Psych evaluations, and his earning a law degree. Moreover, Petitioner's pre-offense background was very stable and included active duty in the U. S. Marine Corps with an honorable discharge.

Petitioner also has a stable post-offense background, including his ongoing relationship with his current wife, financial support from

and future residence with her, support from family and friends, and marketable skills.

For all the reasons stated above the motion for summary judgment should be granted.


DATED: April 3, 2008.


Respectfully submitted,


Pablo Agrio, in pro per



cc: Office of The Attorney General
    455 Golden Gate Ave., Suite 11000
    San Francisco, CA 94102

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __PABLO AGRIO__, declare:

I am over 18 years of age and a party to this action. I am a resident of __SOLEDAD STATE__ Prison, in the county of __MONTEREY__, State of California. My prison address is: __P.O. BOX 689, Z-130U, SOLEDAD, CA 93960-0689__.

On __4/2/08__ (DATE),

I served the attached: __MOTION FOR SUMMARY JUDGMENT__ (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVE., SUITE 11000
SAN FRANCISCO, CA 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __4/2/08__ (DATE)    __[signature]__ (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)    -9-    ::ODMA\PCDOCS\WORDPERFECT\22832\1